**IN RE: ESTATE OF JOHN RINGLING, Deceased**

24 So. (2nd) 525 January Term, 1946
January 22, 1946 Division B

*John F. Burket* and *Leonard G. Bisco* and *Mabry, Reaves, Carlton, Anderson & Fields,* for petitioners.

*Sam Kirk, G. L. Reeves* and *Reeves, Allen & Johnson,* for respondent.

BARNS, Circuit Judge:

In this case the appellees filed cross-assignments of error with their directions to the clerk, pursuant to 11(c) of the rules governing appeals. Appellants abandoned their appeal by failing to perfect it by filing here a transcript within the time allowed.

Upon the foregoing facts appellees now move this court for leave to perfect their appeal and cross-assignments by being allowed a suitable time within which to file a proper record-on-appeal, notwithstanding the expiration of the forty day limitation by reason of the unanticipated act of appellants.

Rule 2(c) governing this court states that an appeal shall give this court "jurisdiction of the subject matter and of the parties to the appeal." The perfecting of the appeal by filing here a record to support the alleged errors of the trial judge is procedural and not jurisdictional.

The appellees shall have thirty days within which to perfect their appeal by filing here a proper record on appeal. In the event it is considered by appellees that by reason of the change of circumstances a more appropriate record might be presented under amended directions, such directions may be filed within ten days after the entry hereof, and the appellants shall have five days thereafter to file additional directions (without any assignment of error, however), and in event of these occurrences the thirty-day limit shall run from the expiration of five days.

It is noticed that this appeal relates to matters concerning which some material records may now be in the records of this court. If so, appropriate motions may be made here for their use by reference.

CHAPMAN, C. J., BROWN and SEBRING, JJ., concur.